IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02353-BNB

LONG BA PHON,

      Applicant,

v.

BRIGHAM SLOAN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Long Ba Phan, acting *pro se*, initiated this action by filing an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Applicant is a

prisoner in the custody of the Colorado Department of Corrections (DOC) at the Bent

County Correctional Facility in Las Animas, Colorado.  Applicant is challenging the

validity of his conviction and sentence in Jefferson County District Court Case No.

00CR2752.

On September 13, 2011, Magistrate Judge Boyd N. Boland ordered

Respondents to file a Pre-Answer Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or

both of those defenses in this action.  Respondents filed a Pre-Answer Response on

September 29, 2011.  Applicant did not reply to the Response.

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Applicant was convicted by a jury of attempted first degree murder (extreme indifference), first degree assault (extreme indifference), first degree assault, two counts of menacing, and two counts of crime of violence, and was sentenced to a total of forty years of incarceration in the DOC. Pre-Answer Resp. at App. O. Applicant asserts that he was convicted on June 20, 2001; he filed a direct appeal that was denied by the highest state court on April 9, 2007; and he filed a postconviction motion on June 24, 2008, which he appealed to the highest state court but was denied on March 28, 2011.

Respondents concur that Applicant's petition for certiorari review in his direct appeal was denied on April 9, 2007. Respondents, however, contend that Applicant filed his first postconviction motion on August 6, 2007, seeking a modification of his sentence; the motion was denied on August 17, eleven days later; but Applicant did not appeal the denial. Respondents further assert that Applicant filed a second postconviction motion on May 15, 2008; which was denied on June 2, 2008; but again Applicant did not appeal the denial. Respondents also assert that Applicant filed his third and final postconviction motion on June 24, 2008; the motion was denied by the district court on July 31, 2008; Applicant appealed the denial; but his petition for

certiorari review was denied on March 28, 2011. Applicant does not refute

2

Respondents' findings.

Applicant filed the instant action on September 7, 2011. He signed and dated the

Application on August 22, 2011, however.

Respondents argue that this action is barred by the one-year limitation period in

28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

To apply the one-year limitation period, the Court first must determine when Applicant's conviction became final.  Applicant's petition for certiorari review in his direct appeal was denied on April 9, 2007.  Pre-Answer Resp. at App. L.   Although Applicant did not file a petition for a writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days to do so after the Colorado Supreme Court denied his petition for certiorari review.  *See* Sup. Ct. R. 13.1.  Therefore, figuring from April 10, 2007, the day after the writ for certiorari was denied, Applicant's conviction became final July 9, 2007, when the time for seeking review in the United States Supreme Court expired.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Sup. Ct. R. 30.1. (the last day of the period computed is included unless it is a Saturday, Sunday, in which event the period runs until the end of the next day that is not a Saturday or Sunday).

Applicant did not file his first postconviction motion until August 6, 2007.  Time for purposes of § 2244(d) was not tolled from July 10, 2007, the day after his conviction and sentence was final, until August 5, 2007, the day before he filed his first postconviction motion, for a total of **27** days.  The next period of time that is not tolled under § 2244(d)--a total of **226** days--extends from October 2, 2007, the day after the time ran for Applicant to file an appeal of the denial of his first postconviction motion, *see* Colo. App. R. 4(b), until May 14, 2008, the day prior to when he filed his second postconviction motion.  Although the second postconviction motion was denied on June 2, 2008, and the time to appeal ran on July 27, 2008, Applicant filed a third postconviction which remained pending in state court from June 24, 2008, until March

4

28, 2011, when Applicant's petition for certiorari review was denied.  The time from March 29, 2011, the day after the petition for certiorari review was denied, until September 7, 2011, the date Applicant filed this action--a total of **163** days--also is not tolled for the purposes of § 2244(d).  Therefore, the total time not tolled is **416** days, and the action is time-barred under § 2244(d).

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally, equitable tolling is appropriate if Applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  However, simple excusable neglect is not sufficient to support equitable tolling.  *See id.*  Furthermore, in order to demonstrate he pursued his claims diligently, Applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).  In the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim.  *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

The magistrate judge directed Applicant to address equitable tolling in his Reply,

but he failed to do so.  Because Applicant does not state that he is actually innocent, has been pursuing his claims diligently, or some extraordinary circumstance prevented him from filing the instant action in a timely manner, the action will be dismissed as barred by the one-year limitation period.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this   22nd   day of   November   , 2011.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court